IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

GATEWAY MORTGAGE COMPANY,   §   No.  6:26-cv-00181
A DIVISION OF GATEWAY FIRST BANK,   §
AS SERVICING AGENT FOR THE   §
VETERANS LAND BOARD OF THE   §
STATE OF TEXAS   §
    *Plaintiff*,   §
  §
vs.   §
  §
AMERICAN MODERN PROPERTY AND   §
CASUALTY INSURANCE COMPANY   §
    *Defendant*.   

**PLAINTIFF's ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Gateway Mortgage, a Division of Gateway First Bank as servicing agent for the Veterans Land Board of the State of Texas ("Gateway Mortgage" or "Plaintiff"), complains of American Modern Property and Casualty Insurance Company ("American Modern" or "Defendant"), files this Complaint under *Fed. R. Civ. Pro 3*, and states as follows:

**I.  PARTIES, JURISDICTION, VENUE**

1.  Plaintiff Gateway Mortgage is incorporated in Oklahoma with a principal place of business located at 6910 East 14th Street, Tulsa, Oklahoma 74112.[1]

2.  Defendant American Modern is incorporated in Ohio with a principal place of business located at 7000 Midland Blvd, Amelia, Ohio 45102.[2] Defendant American Modern is a

---

[1]  Plaintiff Gateway Mortgage requests that this Court take judicial notice of the records of the Secretary of State of Oklahoma.

[2]  Plaintiff Gateway Mortgage requests that this Court take judicial notice of the records of the Secretary of State of Ohio.

Texas domestic insurance company engaged in the sale and servicing of insurance contracts to the general public in the State of Texas. Service can be had on Defendant by serving its Agent for Service listed with the Texas Department of Insurance as Registered Agent Solutions Inc., 5301 Southwest Parkway, Suite 400, Austin, Texas 78735.

3.  This Court has original jurisdiction over this action based on diversity jurisdiction because Defendant American Modern is, at the time this action commenced, diverse in citizenship from Plaintiff Gateway Mortgage, and the amount  in controversy exceeds $75,000.00. *28 U.S.C. §§ 1331 and 1332(a).*

4.  Venue is proper in this Court because property involved in this controversy is located within this district and division.

### Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

5.  There is complete diversity between Plaintiff and Defendant.  *28 U.S.C. §§ 1332, 1441,1446, Fed. R. Civ. Pro. 7.1.  See Davis v. Guthrie, 2014 WL 46130 (N. Dist. Texas 2014)* ("Complete diversity of citizenship means that a plaintiff may not share citizenship with any defendant.") (citing *Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir.1992)).*

6.  Plaintiff Gateway Mortgage is incorporated in Oklahoma with a principal place of business located at 6910 East 14th Street, Tulsa, Oklahoma 74112. Plaintiff is, therefore, a citizen of Oklahoma.[3]

7. Defendant American Modern is incorporated in Ohio with a principal place of business located at 7000 Midland Blvd, Amelia, Ohio 45102. Defendant is, therefore, a citizen of Ohio.[4]

---

[3] *28 U.S.C. §1332(c)(1)* ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business....").

[4] *Id.*

## II. SUBJECT REAL PROPERTY

8.  This proceeding concerns the real property commonly and legally known as:

Local Description: 208 Fowler Street, Gatesville, Texas 76528

Legal Description: See Exhibit "A" attached hereto and incorporated herein by this reference.

(The "Subject Real Property").

## III. FACTS

9.  William M. Elliott became the owner of the Subject Real Property on May 21, 2019 by virtue of that certain Warranty Deed with Vendor's Lien dated October 31, 2027, and recorded as instrument no. 302213 of the Public Records of Coryell County, Texas.  Additionally, to evidence the loan agreement to purchase the Subject Real Property, William M. Elliott executed and delivered that certain Note dated May 21, 2019, in the original principal amount of $89,900.00 originally payable to the order of Northpointe Bank.

10.  To secure payment of his purchase of the subject real property, William M. Elliott, an unmarried man, executed and delivered that certain Deed of Trust to Northpointe Bank, on May 21, 2019, as evidenced by that certain Deed of Trust recorded as instrument no. 316609 as corrected by instrument no. 318622 of the Public Records of Coryell County, Texas. The Deed of Trust was assigned to the Veterans Land Board of the State of Texas on September 18, 2024, as instrument no. 37698 of the Official Records of Coryell County, Texas.

11.  On March 15, 2024, Goosehead Insurance Agency, LLC on behalf of Defendant issued that certain PPMBH insurance policy no. 100325461 insuring the home situated on the Subject Real Property against hazard.[5]  Gateway Mortgage is listed as Mortgagee and Additional

---

[5] A true and correct copy of the declarations page for the insurance policy is attached hereto as Exhibit "B' and incorporated herein by this reference.

Loss Payee in the policy.

12. On November 12, 2024, Gateway Mortgage notified William M. Elliott that, based on the defaulted status of the mortgage loan, Gateway Mortgage had elected to accelerate the maturity of the debt.

13. On or about November 25, 2024, Gateway Mortgage was advised that the Subject Real Property was destroyed by fire. The fire was reported by the Gatesville Firm Department on November 7, 2024. The Subject Real Property became vacant on or about November 7, 2024.

14. Paragraph 5 of the Deed of Trust executed by William M. Elliott specifically provides that:

> In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly made by Borrower.
> If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters.
> Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights ... under all insurance policies covering the Property ... Lender may use the insurance proceeds either to repair or restore the Property or to pay the amounts unpaid under the Note and this Security Instrument, whether or not then due.

15. On May 23, 2025, June 30, 2025, July 9, 2025, July 18, 2025, August 28, 2025, and October 1, 2025, Plaintiff Gateway Mortgage issued a written demand pursuant to its claim to the insurance proceeds, *i.e.*, Claim No. 061865AB. As of the date of this Complaint, Defendant American Modern has failed to respond to Plaintiff's written demand. All notices were sent more than 60 days prior to the filing of this suit.

16. All conditions precedent have been performed by Plaintiff or have occurred. *Tex. R. Civ. P. 54.*

## IV. CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

17.  The foregoing paragraphs are incorporated by reference for all purposes.

18.  Texas Civil Practice and Remedies Code Chapter 37 contains the Declaratory Judgment Act. The purpose of a declaratory action is to establish existing rights, status, or other legal relationships. A declaratory judgment action is appropriate when there is a justiciable controversy about the rights and status of the parties, and the declaration would resolve the controversy. Texas Civil Practice and Remedies Code § 37.004 provides:

> (a) A person interested under a deed, will, written contract or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any questions may have determined any question of construction or validity arising under the instrument, stature, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

19.  Plaintiff requests declaration from this Court that, as holder of the Note and beneficiary of the Deed of Trust, Plaintiff is a mortgagee as that term is defined under *Tex. Property Code § 51.0001(4).* Plaintiff further requests declaration from this Court that it is authorized to enforce its rights and exercise its remedies, as provided by the Note and the Deed of Trust signed by William M. Elliot, and by statute. Plaintiff further requests a declaration from this Court that Plaintiff is entitled to the full amount of benefits due from Defendant pursuant to the Note, Deed of Trust, by statute, and by the subject insurance policy. Plaintiff further requests declaration from this Court that, as holder of the Note and beneficiary of the Deed of Trust, Plaintiff holds an equitable lien on the insurance proceeds.

20.  Plaintiff has been forced to hire the undersigned attorney to seek a declaratory judgment as a result of Defendant's failure to release the full amount of benefits due to Plaintiff

for the damages it is legally entitled to recover under the Note, Deed of Trust, by statute, and by the subject insurance policy. Plaintiff is, therefore, entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and the Deed of Trust signed by William M. Elliot, and by statute.

**B. TEX. INS. CODE § 541**

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Defendant's conduct as set forth above constitutes a violation of *Tex. Ins. Code § 541*. Specifically, Defendant has violated the following sections of *Tex. Ins. Code § 541*:

a. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. *Tex. Ins. Code § 541.060(a)(2)*.

b. Upon information and belief, Plaintiff will show that these acts and omissions by Defendant were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award Plaintiff additional damages of up to three times the sum of actual damages suffered. *Tex. Ins. Code § 541.152*.

**C. TEX. INS. CODE § 542**

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Defendant's conduct as set forth above constitutes a violation of *Tex. Ins. Code § 542*. Specifically, upon information and belief, Defendant has failed and/or refused to comply with one or more of the following provisions of *Tex. Ins. Code §  542*:

a. Unfair Claim Settlement Practices. *Tex. Ins. Code § 542.001 - §  542.014.*.

b. Prompt Payment of Claims. *Tex. Ins. Code § 542.051 - § 542.061.*

25.  Plaintiff pleads for the statutory 18% interest on Plaintiff's damages, from the time of Plaintiff's notice of the claim to Defendant until the time judgment hereon is signed. *Tex. Ins. Code § 542.060.*

## D. BREACH OF CONTRACT

26.  The foregoing paragraphs are incorporated by reference for all purposes.

27.   Defendant has a contractual obligation and duty under the terms of the subject insurance policy to release the full amount of benefits due to Plaintiff for the damages it is legally entitled to recover under the Note, Deed of Trust, by statute, and by the subject insurance policy. Defendant has committed a breach by failing and refusing to release the full amount of benefits due to Plaintiff for the damages it is legally entitled to recover under the Note, Deed of Trust, by statute, and by the subject insurance policy.

## E. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

28. Defendant has refused to provide Plaintiff the full amount of benefits owed to it under the subject insurance policy, to provide any legal basis for its refusal to make payment under the subject insurance policy, and has delayed payment of Plaintiff's claim, all after a time when Defendant knew or should have known that it was reasonably clear that Plaintiff is entitled to the full amount of benefits pursuant to the Note, Deed of Trust, by statute, and under the subject insurance policy. As a result, Defendant has breached the duty of good faith and fair dealing that it owes to Plaintiff, thereby subjecting Defendant to punitive damages

## F. ATTORNEY'S FEES

29.  The foregoing paragraphs are incorporated by reference for all purposes.

30.  Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs of

court under the Note and Deed of Trust and pursuant to statute to include any appeal to the Fifth Court of Appeals or any appeal to the United States Supreme Court. *Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001; Fed R. Civ Pro. 11(b).* Plaintiff is further entitled to recover from Defendant reasonable fees for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fee for any and all appeals to other courts pursuant to *Tex. Ins. Code Ann. § 542A.007.*

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court enter judgment granting Plaintiff:

a. A declaration that Plaintiff, as legal holder of the Note and beneficiary of the Deed of Trust, is the mortgagee as that term is defined under *Tex. Prop. Code § 51.0001(4)*;

b. A declaration that Plaintiff is authorized to enforce its rights and exercise its remedies, as provided by the Note and the Deed of Trust signed by William M. Elliot, and by statute.

c. A declaration that Plaintiff is entitled to the full amount of benefits due from Defendant pursuant to the Note, Deed of Trust, by statute, and by the subject insurance policy.

d. A declaration that Plaintiff, as legal holder of the Note and beneficiary of the Deed of Trust, holds an equitable lien on the insurance proceeds.

e. Attorney fees and costs of suit incurred by Plaintiff; and

f. All other relief, in law and in equity, to which Plaintiff is entitled.

Date:  March 20, 2026

Respectfully Submitted,

MICHAEL J. SCHROEDER, P.C.

*/s/ Michael J. Schroeder*
Michael J. Schroeder
Email: michael@lawmjs.com
State Bar No. 17817380
Sarah R. Price
State Bar No. 24144479
Email: sarah@lawmjs.com
3610 North Josey Lane, Suite 206
Carrollton, Texas 75007
(972) 394-3086
(972) 394-1263 Fax
ATTORNEYS FOR GATEWAY
MORTGAGE, A DIVISION OF
GATEWAY FIRST BANK, AS
SERVICING AGENT FOR THE
VETERANS LAND BOARD OF
THE STATE OF TEXAS